995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hollis CARMICHAEL, Plaintiff-Appellant,
v.
C/O KING, Sr. in his individual and official capacity,
Defendant-Appellee.
 No. 92-17113.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hollis Carmichael, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of the defendant, a senior correctional officer at the Ely state prison, in his 42 U.S.C. § 1983 action. The district court determined that Carmichael had not shown that King subjected him to cruel and unusual punishment, in violation of the eighth amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 
 4
 Carmichael alleges that officer King told inmate Sims, a white supremacist, that Carmichael was "a Black homosexual who pressures white inmates for sex." Carmichael contends that King thus violated his eighth amendment right to personal saftey while in custody.
 
 
 5
 To establish an eighth amendment violation, a prisoner must show that he was subjected to the unnecessary and wanton infliction of pain. See Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir.1993); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). The pain inflicted need not be physical; severe psychological injury and emotional pain and suffering are sufficient to state an eighth amendment violation. Jordan, 986 F.2d at 1525-26 (female inmates who showed symptoms of post-traumatic stress disorder after being searched by male guards established an eighth amendment violation).
 
 
 6
 Carmichael alleges that King's statement to inmate Sims made Carmichael fearful. Carmichael's affidavit states: "I was in fear of my life and safety every time I was forced to come in contact with any white inmates, because I didn't know who else SC/O King had told these false statements to.... the fear ... caused me to lose sleep and be very jumpy."
 
 
 7
 These facts are not sufficient to state an eighth amendment violation. Carmichael has not stated that he was subjected to any physical harm or threats as a result of King's alleged statement. Cf. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989) (inmate who alleged that guard had told other inmates that he was a "snitch," and that he was threatened by other inmates as a result, states a claim under section 1983). Carmichael has not alleged that he suffered severe psychological trauma or emotional suffering because of King's alleged statement. See Jordan, 986 F.2d at 1525-26. Because Carmichael has not presented evidence sufficient to establish that he was subjected to an unnecessary and wanton infliction of pain, summary judgment was properly granted in favor of respondent King. See id. at 1525; Celotex, 477 U.S. at 322.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carmichael also alleges that King violated his constitutional right to equal protection, and his civil rights under 42 U.S.C. § 1981 and § 1985. Because Carmichael has offered no facts to support these allegations, we affirm the district court's grant of summary judgment as to these claims